YANCEY v. PARNELL.

Opinion delivered February 4, 1924.

1. FRAUD—SUFFICIENCY OF EVIDENCE.—In an action for damages for misrepresentation in a contract for the sale of a farm, evidence *held* to sustain a finding of the chancellor that there was no misrepresentation by the vendor as to the acreage under cultivation.

2. FRAUD—SUFFICIENCY OF EVIDENCE.—In a purchaser's action for damages for misrepresentation as to the amount of land under cultivation in the farm sold, the fact that the written contract contained no stipulation as to the acreage under cultivation was a significant fact in determining the weight of evidence as to misrepresentation.

Appeal from Chicot Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*Golden & Golden,* for appellant.

Plaintiff was not estopped by his settlement for the land taken up by the railroad, nor by his other acts. Under the facts in this case, he was entitled to hold to his contract, and to demand what he had purchased and paid for. 47 Ark. 168. Where a representation is made of a fact that has nothing to do with opinion, and is peculiarly within the knowledge of the party making it, the one receiving it has the absolute right to rely upon

its truthfulness, though the means of ascertaining its falsity were fully open to him. 47 Ark. 339; 97 Ark. 269; 96 Ark. 371; 99 Ark. 438, 442; 89 Ark. 325. It does not, therefore, lie with the defendants to say that plaintiff should not have believed the representations made. They were made as facts, backed with guaranties, and were, or should have been, within the knowledge of defendants or their agents. 71 Ark. 91, 97, 98; 82 Ark. 20, 23; 30 Ark. 535, 536; 142 Ark. 189; 218 S. W. 657, 659; 109 Ark. 109; 101 Ark. 95. See also 19 Ark. 102; 25 Ark. 541; 61 Ark. 120. The principle of laches cannot apply. Plaintiff had the right to take what he was offered and bring suit for what he purchased and failed to receive, within the three years' limitation. 139 Ark. 447.

*Williamson & Williamson*, for appellees.

The decision of the chancellor was reached on a hearing and consideration of conflicting testimony, and his findings upon the facts must be affirmed on appeal, unless contrary to a clear preponderance of the evidence. 129 Ark. 121; *Id.* 301; 130 Ark. 178. Had this been a very large tract of land, there might have been some excuse to presume that the appellant relied upon some other person's statements as to the amount of cleared acreage; but here the rule is applicable that, where a small tract of land is involved, the vendee must exercise reasonable prudence, and not rely upon the person with whom he is dealing to protect his interests. 147 Ark. 505. Fraud will not be presumed. One who alleges fraud must prove it by evidence which is clear, satisfactory and convincing. 82 Ark. 24; 20 Ark. 216; 18 Ark. 123; 6 Ark. 308; 31 Ark. 554; 25 Ark. 225; 33 Ark. 259; *Id.* 727; 17 Ark. 151; 37 Ark. 145; 99 Ark. 45; Am. Cas. 1913-A, 960. On the question of representations, see 95 Ark. 375; 82 Ark. 20; 71 Ark. 91, 97; 83 Ark. 403; 19 Ark. 522. If the means of information as to the subject of a misrepresentation are equally accessible to both parties, they will be presumed to have informed themselves, and, failing therein, must abide the consequences of their own carelessness. 95

Ark. 131; *Id.* 523; 47 Ark. 148; 46 Ark. 337; 31 Ark. 170; 16 Ark. 114; 11 Ark. 58.   See also 74 Ark. 231.

McCulloch, C. J.  Appellant purchased from appellee a tract of land in Chicot County, and a lot in the town of Dermott, in that county, aggregating in area about 100 acres, for the price of $100 per acre, making a total price of $10,000, payable partly in cash and the balance in installments, evidenced by promissory notes.   Appellant instituted this action against appellee in the circuit court of Chicot County to recover damages alleged to have been sustained by reason of fraudulent misrepresentations of appellee and his agents in regard to the amount of land in cultivation.   Appellant alleged in his complaint that appellee and his agents represented to him that there were ninety-three acres of land in cultivation, and thereby induced him to make the purchase, but that he ascertained by actual survey, after consummation of the purchase, that there were only sixty-eight and one-half acres cleared and in cultivation.   Damages were laid in the sum of $2,450, the difference in the market value of the land as represented and as its condition was found to be in fact.

Appellee answered, denying all of the allegations of the complaint with respect to false representations, and also pleaded a settlement with appellant whereby he paid to appellant the sum of $100 in adjustment of differences in regard to shortage in acreage, as well as all other claims for reduction in the price.

The cause was transferred to the chancery court, without objection, and proceeded to trial in that court, which resulted in a decree in favor of appellee, dismissing appellant's complaint for want of equity.

Appellant testified, in substance, that he lived in Faulkner County at the time he entered into negotiations for the purchase of this land from appellant, and that he was induced to go down to Chicot County to look at the land by an advertisement issued and circulated by Bennett & Daniels, real estate agents, who were acting as agents for appellee in the sale of this land, represent-

ing the total area of the tract, and stating that there were ninety-three acres in cultivation. He testified that he went to Chicot County and looked at the land, being shown by Bennett & Daniel, and that the representation was made to him that the tract contained at least ninety acres in cultivation. He testified that those agents told him that, if he would purchase the land, they would guarantee that there was as much land as ninety acres in cultivation. He testified that appellee Parnell also made the same statement to him, and that these statements were relied on and constituted one of the inducing causes for making the purchase. Other witnesses corroborated appellant in his statement concerning the alleged representations. Appellant also introduced as a witness another real estate dealer in Chicot County, who testified that this land had been placed in his hands for sale by Bennett & Daniel, with authority to represent that the tract contained eighty-five acres in cultivation. On the other hand, Bennett & Daniel, as well as appellee Parnell himself, testified that they made no such representations to appellant concerning the amount of acreage. Bennett & Daniel testified that the advertisement which they circulated did not contain any representation as to the amount of acreage, as claimed by appellant. The advertisement was not introduced in evidence by either party, and appellant stated that he had lost or misplaced the copy of the advertisement which had come into his possession.

It also appears, from proof adduced by appellee, that a controversy arose between the parties as to a slight shortage in acreage, something less than an acre, and that they settled this controversy by appellee deducting $100 from the purchase price. Appellee and his witnesses testified that the agreement was that $100 credit was allowed in satisfaction of any claims for reduction in price, either by reason of shortage in amount of land or in the amount of cultivated lands.

The decision of the case comes down to a question of fact, and, after due consideration of all the evidence,

we are unable to discover that the finding of the chancellor is not supported by a preponderance of the evidence. There is a sharp conflict on both of the issues as to whether or not there was a misrepresentation as to the amount of land in cultivation, and also as to the substance of the settlement between the parties when the sum of $100 was credited. There was a written contract between the parties concerning the sale and purchase of the land, and it contains no statement with reference to the amount of land in cultivation, nor as to any guaranty by appellee as to the amount of acreage. The failure of the contract to contain such a stipulation, however, does not preclude appellant from recovering damages for appellee's misrepresentations, but it is a significant fact, in testing the weight of the evidence, that, notwithstanding appellant's testimony that there was a misrepresentation as to the amount of land in cultivation and a verbal guaranty concerning it, all reference to it was omitted from the written contract.

After reaching the conclusion that the finding of fact by the chancellor is not against the preponderance of the evidence, and there being no questions of law involved, it becomes our duty to affirm the decree, and it is so ordered.